IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SANTOS DIAZ-ALVAREZ<br>Plaintiff<br>vs<br>RAMALLO BROS. PRINTING, INC.;<br>ROBERTO LUCCO; INSURANCE<br>COMPANY ABC<br>Defendants | CIVIL 13-1563CCC |

**OPINION AND ORDER**

Before the Court is defendants Ramallo Bros. Printing, Inc. ("Ramallo") and Robert Lucco ("Lucco's") unopposed Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (**d.e. 25**) filed on October 6, 2016. For the reasons stated below, defendants' Motion to Dismiss is GRANTED.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On July 19, 2013, plaintiff Santos Díaz-Alvarez ("Díaz-Alvarez") filed a Complaint (d.e. 1) alleging that his employer Ramallo Bros. Printing, Inc. and direct supervisor Robert Lucco: (1) discriminated against him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and Puerto Rico's Act No. 44 of July 2, 1985 ("Law 44"); (2) retaliated against him for requesting a reasonable accommodation in violation of the ADA; and (3) are liable for emotional, physical and economic damages caused to him by their intentional and negligent actions pursuant to Articles 1802 and 1803 of Puerto Rico's Civil Code.  On March 14, 2014, Ramallo filed a voluntary bankruptcy petition under Chapter 11 of Title 11 of the United States Bankruptcy Code before the United States Bankruptcy Court for Puerto Rico, and on April 2, 2014, the case was

CIVIL 13-1563CCC                                          2

stayed. The stay was lifted by order dated September 1, 2016 (d.e. 23). During a status conference on October 11, 2016, the Court ordered plaintiff to file his opposition to the Motion to Dismiss no later than October 27, 2016 (d.e. 30). As of this date, an opposition has not been filed.[1]

Ramallo moves for dismissal of plaintiff's ADA and Law 44 claims against co-defendant Lucco averring that no personal liability can attach to employees under the ADA or Law 44. (d.e. 25, pp. 2-4). Ramallo also moves for dismissal of plaintiff's claims under Articles 1802 and 1803 since "a plaintiff may not recover damages under Articles 1802 or 1803 for conduct that is covered by specific labor or employment legislation." (d.e. 25, p. 5).

## II.    PLEADING STANDARDS

Federal Rule 12(b)(6) states that a complaint will be dismissed if the pleadings fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Supreme Court in *Bell Atl. Corp. v. Twombly*, held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007). When ruling on a motion to dismiss, the Court must accept the complaint's well-pleaded facts as true and indulge all reasonable inferences in the plaintiff's favor. *Cook v. Gates*, 528 F.3d 42, 48 (1st Cir. 2008). Although "*Twombly* does not require heightened fact pleading of specifics . . . it does require enough facts to 'nudge

---

[1] "[T]he mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim." *Vega-Encarnación v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003).

CIVIL 13-1563CCC                              3

[plaintiffs'] claims across the line from conceivable to plausible.'" *Quirós v. Muñoz*, 670 F. Supp. 2d 130, 131 (D.P.R. 2009) (quoting *Twombly*, 127 S.Ct. 1955). "Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to 'raise a right to relief above the speculative level.'" *Maldonado-Concepción v. Puerto Rico*, 683 F. Supp. 2d 174, 175-76 (D.P.R. 2010).

### III.   DISCUSSION

#### A.   Individual Liability Under the ADA and Law 44

Defendants argue that personal liability cannot attach to employees under the ADA and urge the Court to dismiss plaintiff's claims against co-defendant Lucco. The Court agrees. *See Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 52 (1st Cir. 2011) (finding that "Congress intended that [Title VII and the ADA] be treated uniformly" such that the ADA like Title VII "'addresses the conduct of employers only and does not impose liability on co-workers.'").

As for plaintiff's claim against Lucco under Law 44, "the elements of proof for a claim under Law 44 are essentially the same as those for establishing a claim under the ADA." *Salgado-Candelario v. Ericsson Caribbean, Inc.*, 614 F. Supp. 2d 151, 175 (D.P.R. 2008). We adopt the reasoning in *Cardona Roman* that "as there is no individual liability under the ADA, there can be no individual liability under Law 44." *Cardona Roman v. Univ. of Puerto Rico*, 799 F. Supp. 2d 120, 131 (D.P.R. 2011). *See also Velez Nieves v. Microsoft Caribbean, Inc.*, No. CIV. 05-1067 (PG), 2006 WL 1805689, at *9 (D.P.R.

CIVIL 13-1563CCC                             4

Mar. 15, 2006)(concluding that "no personal liability should attach under state Law 44").

Accordingly, plaintiff's ADA and Law 44 claims against co-defendant Lucco are DISMISSED with prejudice.

### B.  Claims Under Articles 1802 and 1803

Defendants also contend that plaintiff's claims under Articles 1802 and 1803 should be dismissed as to both defendants because damages under Articles 1802 or 1803 are not recoverable for conduct that is covered by specific labor or employment legislation.

This Court has held that "to the extent that a specific labor law covers the conduct for which a plaintiff seeks damages, he is barred from using that same conduct to also bring a claim under Article 1802."  *Rosario v. Valdes*, No. CIV. 07-1508CCC, 2008 WL 509204, at *2 (D.P.R. Feb. 21, 2008). "An additional claim under Article 1802 may only be brought by the employee-plaintiff if it is based on tortious or negligent conduct distinct from that covered by the specific labor law(s) invoked." *Id*.

A review of plaintiff's Complaint reveals that he bases his Article 1802 and 1803 claims on the same conduct that supports his federal and state employment law claims, that is discrimination and retaliation, and alleges no independent basis for relief.  The claims under Articles 1802 and 1803 are hereby DISMISSED.

CIVIL 13-1563CCC					5

## IV.	CONCLUSION

For the reasons stated, the Motion to Dismiss (**d.e. 25**) filed by defendants is GRANTED.  Judgment to be entered separately dismissing the ADA and Law 44 claims against co-defendant Lucco and all of plaintiff's claims under Articles 1802 and 1803.

SO ORDERED.

At San Juan, Puerto Rico, on March 24, 2017.


						S/CARMEN CONSUELO CEREZO
						United States District Judge